I fully concur in the majority's decision to sustain appellant's first assignment of error.
I further concur in the majority's decision to sustain appellant's second assignment of error, in part, as to certain damages.
I dissent in that I would also sustain appellant's second assignment of error as to judgment for the dishwasher repair and the water bills. Unlike the majority, I find the water bills arenot "outside the parameters of the lease agreement." (Maj. Op. at 5). The lease specifically states, "Tenant shall be responsible for all utilities and services in connection with the premises." (Exhibit B — Real Estate Lease at 2). Likewise, it is at least arguable that responsibility for the dishwasher repair is within the parameters of the lease agreement, which provides, "Tenant shall have the responsibility to maintain the premises in good repair at all times." (Exhibit B — Real Estate Lease at 1). Furthermore, there is no evidence in the record that the dishwasher repair was a result of damage caused by appellant.
JUDGE WILLIAM B. HOFFMAN.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Municipal Court of Canton, Ohio is affirmed in part and reversed in part. Judgment for appellee as against appellant in the amount of $173.48. Interest to run from June 25, 1997. Costs of this appeal to be divided equally between appellant and appellee.